UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BILINDA S.L. o/b/o N.T.S.L.,

                Plaintiff,

      v.                                                            **DECISION AND ORDER**

                                                        19-CV-6603S

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

       1.     Plaintiff Bilinda S. L.[1] ("Plaintiff") brings this action on behalf of her infant child, N.T.S.L. ("Claimant"), pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security that denied Claimant's application for supplemental security income benefits under Title XVI of the Act.  (Docket No. 1.)  This Court has jurisdiction over this action under 42 U.S.C. § 405(g).

       2.     Plaintiff protectively filed Claimant's application with the Social Security Administration on September 30, 2014.  Claimant's alleged disability also beginning on September 30, 2014, was due to attention deficit hyperactivity disorder, oppositional defiant disorder, depression, anxiety, posttraumatic stress disorder, learning disorder, eczema, and asthma.  Plaintiff's application was denied, and she thereafter requested a hearing before an administrative law judge ("ALJ").

_____

      [1]In accordance with this Court's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order will identify Plaintiff and Claimant by their first names and last initials.

3.      On June 18, 2018, Plaintiff's counsel submitted a supplemental brief to the ALJ noting that additional materials would be forthcoming and requested additional time to supplement (R.[2] at 431-34; Docket No. 10, Pl. Memo. at 27-28).

4.      On June 26, 2018, ALJ John Costello held a hearing at which Plaintiff and Claimant—represented by counsel—appeared and testified.  (R. at 54-95.)  At the time of the hearing, Claimant was nine years old and in elementary school.  Claimant had not engaged in substantial gainful activity.  At the conclusion, the ALJ stated that he would keep the record open for three weeks to allow Plaintiff to supplement it (R. at 90-91).

5.      On July 16, 2018, Plaintiff's counsel wrote seeking leave to submit a second medical source statement from Licensed Mental Health Counselor Sean Powers (R. at 464).

6.      The ALJ considered the case *de novo* and, on August 30, 2018, issued a written decision denying Plaintiff's applications for benefits, denying Plaintiff leave to submit the second medical source statement (R. at 19-20).  After the Appeals Council denied Plaintiff's request to review the ALJ's decision, he filed the current action, challenging the Commissioner's final decision.[3]  (Docket No. 1.)

7.      Both parties moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.  (Docket Nos. 10, 15.)  Plaintiff filed a response on July 31, 2020 (Docket No. 16), at which time this Court took the motions under advisement without oral argument.  For the reasons that follow, Plaintiff's Motion (Docket No. 10) is granted, and Defendant's Motion (Docket No. 15) is denied.

---

[2]Citations to the underlying administrative record are designated as "R."

[3]The ALJ's August 30, 2018, decision became the Commissioner's final decision on this matter when the Appeals Council denied Plaintiff's request for review.

8.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

9.      "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  Williams *ex rel.* Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

10.    A claimant under 18 years of age, such as the Claimant here, is "disabled" under the Social Security Act if he has a medically determinable physical or mental impairment (or combination of impairments) that result in "marked and severe functional limitations," and the impairment or impairments must have lasted or expect to last for at least twelve months.  42 U.S.C. § 1382c(a)(3)(C).

11.    Under the applicable regulations in the three-step inquiry, the infant claimant must show that he is not working, that he has a "severe" impairment or combination of impairments, and that his impairment or combination of impairments was of listing-level severity, that is met, medically equaled, or functionally equaled the severity of listed impairments, 20 C.F.R. § 416.924.  Functional equivalence of limitations, in turn, are evaluated on six domains:  acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for oneself; and health and physical well-being, id. § 416.926a(b)(1)(i)-(vi).

12.    Marked limitations in two domains of functioning or an extreme limitation in one domain (not claimed here) constitutes a functional equivalent to a listed impairment, id. § 416.926a(d).  Each domain is evaluated on whether the claimant has no limitation, is less than marked, marked, or extreme limitation, id. § 416.926a(b)(1).

13.    "Marked" limitation for a domain is when a claimant's impairment(s) "interferes seriously with your ability to independently initiate, sustain, or complete activities.  Your day-to-day functioning may be seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities," 20 C.F.R. § 416.926a(e)(2)(i).

4

14.     The plaintiff bears the initial burden of showing that the impairment prevents the claimant from working.  See Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform."  Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

15.     If a claimant is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends.  20 C.F.R. § 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992).  However, it should be noted that the ALJ has an affirmative duty to fully develop the record.  Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

16.     The ALJ analyzed Claimant's claim for benefits under the process set forth above.  At step one, the ALJ found that Claimant has not engaged in substantial gainful activity.  (R. at 22.)  At step two, the ALJ found that Claimant has the following severe impairment:   attention deficit hyperactivity disorder, oppositional defiant disorder, depression, anxiety, posttraumatic stress disorder, learning disorder, eczema, and asthma.  Id.  At step three, the ALJ found that Claimant does not have an impairment or combination of impairments that meets or medically equals any impairment(s) listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Id.

17.     The ALJ determined that Claimant did not meet the listing for the claimed impairments by analyzing the infant domains, concluding that Claimant was less than marked for all but moving about and manipulating objects.  For the domain of moving about and manipulating objects, the ALJ found Claimant had no limitation.  (R. at 33-41.)

18.    Accordingly, the ALJ found that Claimant was not disabled.  (R. at 41.)

19.    Plaintiff argues that the ALJ erred in rejecting the July 12, 2018, opinion of Claimant's treating therapist, Mr. Powers, that was submitted after the administrative hearing.  Plaintiff also contends that the ALJ impermissibly cherry picked from the opinion of consultative child psychiatric evaluator Dr. Yu-Ying Lin, Ph.D.  For the reasons that follow, the first argument is adopted, and Plaintiff's Motion is granted.

20.    For Plaintiff's first point, at issue is application of the five-day rule under 20 C.F.R. 416.1435, whereby

> "each party must make every effort to ensure that the administrative law judge receives all of the evidence and must inform us about or submit any written evidence, as required in § 416.912, no later than 5 business days before the date of the scheduled hearing. If you do not comply with this requirement, the administrative law judge may decline to consider or obtain the evidence unless the circumstances described in paragraph (b) of this section apply,"

20 C.F.R. § 416.1435(a).

21.    An exceptional circumstance under § 416.1435(b) is if some "other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier," such as a claimant "actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing," 20 C.F.R. § 416.1435(b)(3)(iv).

22.    After the June 26, 2018, hearing, Mr. Powers examined Claimant on July 12, 2018, finding that Claimant then had marked limitations in acquiring and using information and in attending and completing tasks, but moderate limitation in concentration, persistence, or pace resulting in frequent failure to complete tasks in a timely manner (R. at 52; Docket No. 10, Pl. Memo. at 23-24).  This differs from Powers'

finding in June 2018 (cited by the ALJ, R. at 34-39) that Claimant had moderate limitations in acquiring information and mild limitations in caring for self (R. at 1293).  On July 16, 2018, Plaintiff's counsel submitted this opinion (with updates to Claimant's educational record) to the ALJ, arguing that "until today, my office was not aware that LMHC Powers was willing to provide a second opinion in support of the claimant's application for benefits" (R. at 464).

23.    The ALJ, however, found that Powers had treated Claimant since 2016 and the record did not satisfy good cause for the late second opinion, concluding that "this is an opinion that should have been obtained well before the hearing or at least notice provided that it was sought and forthcoming," declining to accept it because it was untimely under that rule (R. at 19-20).  Instead, the ALJ cited Powers' June 2018 opinion (R. at 34, 35, 37, 39, 40, 1293, 1291).

24.    Plaintiff placed the ALJ on notice that missing (although unspecified) mental health records were being sought from Powers' agency, Genesee Mental Health (R. at 431, 433), see Walters v. Comm'r of Soc. Sec., No. 19CV20, 2020 WL 2536799, at *5 (W.D.N.Y. May 19, 2020) (Wolford, J.).    During the hearing, counsel advised that Genesee Mental Health produced only part of the record (R. at 91-92, 1268-72 (Ex. 10F, record from May 1, 2018)) and he was working on obtaining additional records (R. at 92). The ALJ then granted Plaintiff three weeks to obtain those records, warning that if the ALJ did not hear from counsel or obtained material late, they would not be accepted later (id.).  Neither Plaintiff nor the ALJ specified Powers as the source for further production.

25.    Plaintiff was aware that Genesee Mental Health's records were incomplete but was not aware that Powers would render a second opinion.  The ALJ granted Plaintiff

time to gather that information and Plaintiff's submission was within that time.  Plaintiff diligently sought records from Genesee Mental Health.  The ALJ presumes that, given Powers' treatment history with Claimant that his opinion would have been rendered sooner or at least in time for the hearing.  Plaintiff, however, only belatedly learned of Powers' willingness to render an opinion.

26.    Plaintiff's learning of the existence of this second opinion is the "unusual, unexpected, or unavoidable circumstance beyond [Plaintiff's] control" that is within the exception of 20 C.F.R. § 416.1435(b)(3)(iv) for an otherwise late presentation to the ALJ. Therefore, the ALJ erred in rejecting Powers' July 2018 opinion once it became available.

27.    This Court rejects Defendant's contention differentiating between medical record and treating source materials (Docket No. 15, Def. Memo. at 15), see Walters, supra, 2020 WL 2536799, at *5 ("it is not clear to the Court why the ALJ believed it was proper to admit the progress notes from the Buffalo Medical Group, but not [a doctor's] questionnaire.  Indeed, a questionnaire completed by a treating physician would appear to shed more light on [p]laintiff's functional limitations than 13 pages of progress notes.") (Docket No. 16, Pl. Reply Memo. at 2-3).  The ALJ did not specify the type of record he was expecting when he kept the record open for three weeks after the conclusion of the hearing.

28.    Considering Plaintiff's second objection (the alleged cherry picking from the consultative opinion of Dr. Lin), the ALJ gave less weight to the portions of Dr. Lin's opinion based on Plaintiff's subjective impressions of Claimant or findings deemed anomalous given Claimant's psychological testing results, while the ALJ gave significant weight to other parts of Dr. Lin's opinion that Claimant could attend to, follow, and

understand age-appropriate directions without limitations , could complete age-appropriate tasks and ask questions and request assistance in age-appropriate manner (R. at 31-32).

29.     Dr. Lin found Claimant was moderately to markedly limited in adequately maintaining appropriate social behavior and responding to changes in the environment, that Claimant was moderately limited in interacting with peers and adults (R. at 620).  For the domain of caring for self, Dr. Lin found that Claimant was moderately limited in being aware of danger and taking needed precautions (R. at 620).  Dr. Lin concluded that Claimant may significantly interfere his ability to function (R. at 620).

30.     Given the absence of Powers' opinion in this record, the ALJ's consideration of Dr. Lin's opinion was based upon an incomplete record.  On remand, the ALJ may reconsider fully Dr. Lin's opinion.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 10) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 15) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings, consistent with this decision.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated:        December 4, 2020
              Buffalo, New York


                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge